898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BRYANT, Defendant-Appellant.
 No. 89-3136.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Bryant appeals the refusal of the district court to sentence him to a term no greater than the maximum sentence he could have received in state court following his guilty plea for armed bank robbery. We affirm the decision of the district court.
 
 
 2
 Bryant and two other individuals robbed the First Ohio Savings Bank of $89,482.00 on February 10, 1988. During the robbery, Bryant twice stabbed the bank manager, Michael Brinkman. After the police caught Bryant and the other bank robbers, Bryant decided to plead guilty. Bryant cooperated with the authorities by testifying against his fellow bank robbers in state court.
 
 
 3
 Bryant requested that he be allowed to enter his plea in federal court, apparently because he feared being sentenced to the same institution as those against whom he had testified. On January 27, 1989, Bryant appeared in district court and pled guilty to armed bank robbery. 18 U.S.C. Sec. 2113(a), (d). After an adjustment hereafter noted, the applicable sentencing guideline range was 210 to 262 months. The district court denied Bryant's motion for a downward departure from the guidelines and sentenced him to a term of 250 months in prison, with a three-year supervised conditional release. If Bryant had been sentenced in state court under Ohio law, the maximum sentence would have been 180 months.
 
 
 4
 Bryant argues that the district court abused its discretion in denying his motion for a downward departure from the sentencing guidelines under the Sentencing Reform Act of 1984. 18 U.S.C. Sec. 3551 et seq. Bryant contends that the district court should not have sentenced him in excess of the state law maximum because his case would have been in state court except for his cooperation with the United States.
 
 
 5
 There is no merit to Bryant's appeal. This is not a case where the guidelines do not adequately take into consideration a mitigating or aggravating circumstance. See 18 U.S.C. Sec. 3553(b); Guideline Sec. 5K2.0. The district court correctly determined Bryant's offense level at level 34. The court made a reduction to level 32 because of Bryant's acceptance of responsibility. See Guideline Sec. 3E1.1(a). The sentencing range for level 32 is 210 to 262 months. The district judge then sentenced Bryant to 250 months, clearly within the guidelines. Even though the government did not make a motion for a downward departure, see Guideline Sec. 5K1.1, the judge stated on the record that he selected a sentence in the mid-range of level 32, rather than the maximum, because Bryant cooperated with the authorities by testifying against his co-defendants.
 
 
 6
 There is no basis in the record for Bryant's claim that he was entitled to receive a sentence no greater than the maximum he would have received in state court. The district court did not commit sentencing error.
 
 
 7
 The judgment of the district court is affirmed.